○ **SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 07-1484-VAP (JCRx)                    Date:  August 18, 2008

Title:   UNITED STATES OF AMERICA -v- TIMOTHY JOEL JONATHAN LUNDBERG aka TJ JONATHAN LUNDBERG; et al.
================================================================
PRESENT:     HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

Marva Dillard                                              None Present
Courtroom Deputy                                      Court Reporter

ATTORNEYS PRESENT FOR           ATTORNEYS PRESENT FOR
PLAINTIFFS:                                        DEFENDANTS:

None                                                         None

PROCEEDINGS:     MINUTE ORDER (1) DENYING DEFENDANT'S MOTION TO DISMISS AND (2) VACATING HEARING SET FOR AUGUST 18, 2008 (IN CHAMBERS)

    The Court has received and considered all papers filed in support of, and in opposition to, Defendant Timothy Joel Jonathan Lundberg's "Motion to Dismiss under FRCP12(b)(6) for Failure to State a Claim for which Relief Can Be Granted," filed on July 24, 2008.  The Motion is appropriate for resolution without oral argument.  <u>See</u> Fed. R. Civ. P. 78; Local Rule 7-15.  For the reasons set forth below, the Court DENIES the Motion.
///
///
///

EDCV 07-1484-VAP (JCRx)
UNITED STATES OF AMERICA v. TIMOTHY JOEL JONATHAN LUNDBERG aka TJ JONATHAN LUNDBERG; et al.
MINUTE ORDER of August 14, 2008

# I. BACKGROUND

Plaintiff United States of America filed a Complaint on November 9, 2007, and a First Amended Complaint ("FAC") on July 7, 2008.  The FAC seeks to reduce certain unpaid federal tax assessments to judgment against Defendant "Timothy Joel Jonathan Lundberg, aka TJ Jonathan Lundberg" ("Lundberg") and to foreclose federal tax liens against real property described in the FAC.  (FAC ¶¶ 1, 5.)  The FAC alleges that Lundberg's unpaid tax liabilities, including interest calculated through January 31, 2007, total more than $2 million.  (Id. ¶ 27 & n.3.)  With respect to the real property at issue, the FAC alleges that Lundberg transferred ownership of the property with the intent to avoid his tax liabilities, such that the transfers should be set aside under California law.  (Id. ¶¶ 69-70.)

On July 24, 2008, Defendant Lundberg filed a "Notice of Motion and Motion to Dismiss under FRCP 12(b)(6) for Failure to State a Claim for which Relief Can Be Granted" ("Motion" or "Mot.") and a "Mandatory Request for Judicial Notice."[1]  Plaintiff filed Opposition on July 28, 2008.

# II. LEGAL STANDARD

Under Rule 12(b)(6), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted.  As a general matter, the Federal Rules require only that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)); Bell Atlantic Corp. v. Twombly, 550 U.S. __, 127 S. Ct. 1955, 1964 (2007).  In addition, the Court must accept all material allegations in the complaint -- as well as any reasonable inferences to be drawn from them -- as true.  See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force,

---

[1] The Court declines to take judicial notice of the documents attached to Defendant Lundberg's "Mandatory Request for Judicial Notice."  Although the Court may take judicial notice of the fact that such documents were recorded by the County of Riverside, the "facts" purportedly established by the contents of those documents are either irrelevant to Defendant's Motion or are not proper matters for judicial notice.

EDCV 07-1484-VAP (JCRx)
UNITED STATES OF AMERICA v. TIMOTHY JOEL JONATHAN LUNDBERG aka TJ JONATHAN LUNDBERG; et al.
MINUTE ORDER of August 14, 2008

411 F.3d 1092, 1096 (9th Cir. 2005).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic, 127 S. Ct. at 1964-65 (citations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965.

Although the scope of review is limited to the contents of the complaint, the Court may also consider exhibits submitted with the complaint, Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings," Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988).

### III. DISCUSSION

Lundberg moves to dismiss the FAC on various grounds, which generally assert that the United States and the Internal Revenue Service do not have the authority or jurisdiction to collect federal taxes or to place a lien on a taxpayer's property.[2]  As succinctly summarized by the Tenth Circuit, the arguments raised by Lundberg routinely have been rejected.

> [T]he following arguments alluded to by [Lundberg] are completely lacking in legal merit and patently frivolous: (1) individuals . . . are not "persons" subject to taxation under the Internal Revenue code; (2) the authority of the United States is confined to the District of Columbia; (3) the income tax is a direct tax which is invalid absent apportionment . . .; (4) the Sixteenth Amendment to the Constitution is either invalid or applies only to corporations; (5) wages are not income; (6) the income

---

[2]Lundberg also contends Plaintiff has not provided sufficient evidence to support some of its allegations.  (Mot. at 2, 17-18.)  This argument is not a basis for dismissal under Rule 12(b)(6), which limits the Court's review to the face of the FAC and requires the Court to take the FAC's allegations as true.

MINUTES FORM 11                                          Initials of Deputy Clerk __MD_____
CIVIL -- GEN              Page 3

EDCV 07-1484-VAP (JCRx)
UNITED STATES OF AMERICA v. TIMOTHY JOEL JONATHAN LUNDBERG aka TJ JONATHAN LUNDBERG; et al.
MINUTE ORDER of August 14, 2008

> tax is voluntary; (7) no statutory authority exists for imposing an income tax on individuals; (8) the term "income" as used in the tax statutes is unconstitutionally vague and indefinite; [and] (9) individuals are not required to file tax returns fully reporting their income.
>
> To this short list of rejected tax protester arguments we now add as equally meritless the additional arguments made herein that (1) the Commissioner of Internal Revenue and employees of the Internal Revenue Service have no power or authority to administer the Internal Revenue laws, including power to issue summons, liens and levies, because of invalid or nonexistent delegations of authority, lack of publication of delegations of authority in the Federal Register, violations of the Paperwork Reduction Act, and violations of the Administrative Procedure Act, including the Freedom of Information Act; and (2) tax forms, including 1040, 1040A, 1040EZ and other reporting forms, are invalid because they have not been published in the Federal Register.

Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990) (internal citation omitted).

The remaining arguments and claims made by Lundberg, such as his contention that the FAC "is a counterfeit security pursuant to Title 18 USC, Section 513 and is thereby a violation of US Criminal Code," (Mot. at 4), similarly lack merit and need not be addressed.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant Lundberg's Motion to Dismiss.

**IT IS SO ORDERED.**