1  GEORGE S. CARDONA
   Acting United States Attorney
2  SANDRA R. BROWN
   Assistant United States Attorney
3  Chief, Tax Division
   DARWIN R. THOMAS (SBN 80745)
4  Assistant United States Attorney
     Room 7211, Federal Building
5    300 North Los Angeles Street
     Los Angeles, California  90012
6    Telephone:  (213) 894-2740
     Facsimile:  (213) 894-0115
7    E-mail: Darwin.Thomas@usdoj.gov

8  Attorneys for United States of America

O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. ED CV 07-01484-VAP(JCRx) |
| Plaintiff, | |
| vs. | JUDGMENT AND ORDER OF SALE |
| TIMOTHY JOEL JONATHAN LUNDBERG aka TJ JONATHAN LUNDBERG, et al., | Honorable Virginia A. Phillips |
| Defendants. | |

This matter came before the Court for a pre-trial conference on September 8, 2009, at which time defendant TIMOTHY JOEL JONATHAN LUNDBERG failed to appear.  Based on defendant TIMOTHY JOEL JONATHAN LUNDBERG's failure to appear at the pre-trial conference, the Court ordered that his answer be stricken and his default be entered.  The Court further ordered that a prove up hearing on plaintiff's first cause of action, for a money judgment against defendant TIMOTHY JOEL JONATHAN LUNDBERG, be held on September 10, 2009.  Based on the First Amended Complaint filed herein, on the evidence received by the Court at the prove-up hearing on September 10, 2009, on the Stipulation between plaintiff and claimant

JP MORGAN CHASE BANK, successor-in-interest to the claim of defendant LONG BEACH MORTGAGE COMPANY, and on the fact that all other defendants in this action have either been defaulted or have now filed Disclaimers in this action

**IT IS ORDERED, ADJUDGED, and DECREED:**

1.  That for the taxes assessed by the Internal Revenue Service against defendant TIMOTHY JOEL JONATHAN LUNDBERG aka TJ JONATHAN LUNDBERG for taxable years 1996 and 1997, in accordance with applicable provisions of the Internal Revenue Code, Title 26, United States Code, plaintiff United States of America have and recover judgment against defendant TIMOTHY JOEL JONATHAN LUNDBERG aka TJ JONATHAN LUNDBERG in the following amounts:

> 1) For taxable year 1996, the amount of $1,126,772.95, plus statutory additions to the tax, including interest, accruing after November 21, 2008, as provided by law, in accordance with applicable provisions of the Internal Revenue Code, Title 26, United States Code, and
>
> 2) For taxable year 1997, the amount of $444,282.89, plus statutory additions to the tax, including interest, accruing after November 21, 2008, as provided by law, in accordance with applicable provisions of the Internal Revenue Code, Title 26, United States Code.

2. That defendant TIMOTHY JOEL JONATHAN LUNDBERG aka TJ JONATHAN LUNDBERG is the owner of the parcel of real property (hereinafter referred to as the "subject property"), which is located at, and commonly known as, 28890 Greenberg Place, Murrieta, California. The subject property is situated in the County of Riverside, State of California, and is more particularly described as follows:

> THAT PORTION OF PARCEL 4 OF PARCEL MAP 8590, IN THE CITY OF MURRIETA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 35, PAGE(S) 57, OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

        BEGINNING AT THE NORTHWEST CORNER OF LOT E; THENCE SOUTH 0° 19'01" EAST ALONG THE WESTERLY LINE OF SAID PARCEL 4 AND LOT E, A DISTANCE OF 652.66 FEET TO THE POINT OF BEGINNING; THENCE SOUTH 89° 54'01" EAST, 331.98 FEET; THENCE SOUTH 0° 16'43" EAST, 651.82 FEET TO THE SOUTH LINE OF SAID PARCEL 4; THENCE 89° 57'18" WEST ALONG THE SOUTH LINE OF SAID PARCEL 4, A DISTANCE OF 331.54 FEET TO THE SOUTHWEST CORNER OF SAID PARCEL 4; THENCE NORTH 0° 19'01" WEST ALONG THE WEST LINE OF SAID PARCEL 4, A DISTANCE OF 652.66 FEET TO THE POINT OF THE BEGINNING.

        ASSESSOR'S PARCEL NUMBER 392-320-012-4 (formerly APN 359-410-012-9).

    3. That the United States of America has valid and existing federal tax liens against the property interest of defendant TIMOTHY JOEL JONATHAN LUNDBERG aka TJ JONATHAN LUNDBERG in the subject property, which liens are herein reduced to judgment, and that such liens are foreclosed against the interest of defendant TIMOTHY JOEL JONATHAN LUNDBERG aka TJ JONATHAN LUNDBERG in the subject property.

    4. That the subject property is ordered to be sold by the Area Director of the Internal Revenue Service, Santa Ana, California Area (hereinafter "Area Director"), or his delegate, in accordance with the provisions of Title 28, United States Code, Sections 2001 and 2002.

    5. That any party to this proceeding or any person claiming an interest in the subject property may move the Court, pursuant to Title 28, United States Code, Section 2001(b), for an order for a private sale of the subject property. Any such motion shall be filed within twenty (20) days of the date of this Judgment and shall set forth with particularity (a) the nature of the moving party's interest in the subject property, (b) the reasons why the moving party believes that a private sale would be in the best interests of the United States of America and any other claimant involved herein, (c) the names of three proposed appraisers and a short statement of their qualifications, and (d) a proposed form of order stating the terms and conditions of the

1 private sale. Any such motion shall comply with Rule 7 of the Local Rules of the District Court
2 for the Central District of California.

3      6. That the Area Director, or his delegate, is ordered to sell the subject property if it does
4 not become the subject of a motion pursuant to the preceding paragraph, in accordance with Title
5 28, United States Code, Sections 2001(a) and 2002. The subject property shall be sold at a
6 public sale to be held at the Riverside County Courthouse, 4050 Main Street, Riverside,
7 California, 92501, and the procedures for the sale shall be as follows:

8      a. Notice of the sale shall be published once a week for at least four (4)
9 weeks prior to the sale in at least one newspaper regularly issued and of general
10 circulation in Riverside County, California. Said notice shall describe the
11 properties by both their street address and legal description, and shall contain the
12 terms and conditions of sale as set out herein.

13      b. The terms and conditions of sale shall be as follows:

14      A minimum bid determined by reference to the current fair
15 market value shall be required. The minimum bid shall be 75% of
16 the current fair market value as determined by an appraisal of the
17 subject property by the Internal Revenue Service. The terms of
18 sale as to all persons or parties bidding shall be cash. The
19 successful bidder shall be required to deposit with the Area
20 Director cash equal to twenty percent (20%) of the bidder's total
21 bid immediately upon the property being struck off and awarded to
22 such bidder as the highest and best bidder; and the remaining
23 eighty percent (80%) of said purchase price is to be paid on or
24 before 5:00 p.m., within three (3) days of the date of sale. Should
25 any person bid off the property at the sale by virtue of this
26 Judgment and Order of Sale, and fail to comply with the terms of
27 the sale, such bidder shall be liable to the United States for twenty
28 percent (20%) of the value of the property thus bid off as a penalty,

4

      and said deposit shall be paid over and delivered to the United
States to be applied toward payment of said penalty, but payment
of said penalty shall not be a credit on the judgment of the United
States.

7. Upon selling the subject property, the Area Director, or his delegate, shall prepare and file with this Court an accounting and report of sale for the subject property, and shall give to the purchaser of the subject property a Certificate of Sale containing the description of the property sold and the price paid.  The accounting and report of the sale shall be filed within ten (10) days from the date of such sale.  If no objections have been filed in writing in this cause with the Clerk of the Court within fifteen (15) days of the date of sale, the sale shall be confirmed without necessity of motion, and the Area Director shall be directed by the Clerk of the Court to execute and deliver his deed to the purchaser.

8.  Possession of the subject property which is sold shall be yielded to the purchaser upon the production of the Certificate of Sale and Deed; and if there is a refusal to so yield, a Writ of Assistance may, without further notice, be issued by the Clerk of this Court to compel delivery of the subject property sold to the purchaser.

9.  The Area Director shall apply the proceeds of sale for the subject property first, to the expenses of sale for the subject property, second, to the County Assessor and Tax Collector (for real property taxes) of all unpaid real property taxes assessed against the subject property to the date of entry of the Judgment of Foreclosure.

10. To the extent that there are sales proceeds remaining from the sale of the subject property, after the payments of the expenses and claims set forth above in paragraph 9, such remaining proceeds shall be treated as a single fund and shall be applied by the Area Director to pay the following lien claims, which are liens against all of the subject properties, in the following order:

      (1) Third, to defendant JP Morgan Chase Bank, the successor-in-interest to the claim of defendant Long Beach Mortgage Co., for all principal, interest, fees, and costs, due as of the date of sale under the Note, dated

January 29, 2001, as secured by a Deed of Trust recorded in the Riverside County Recorder's Office on February 13, 2001, as Instrument No. 2001-057566 to the extent that such principal, interest, fees, and costs are secured by the Deed of Trust under local law;

(2) Fourth, to plaintiff the United States of America, in partial or full satisfaction of the judgment and lien of the United States as set forth in paragraph 1 above;

(3) If any surplus remains after making the aforesaid payments, the Area Director, or his delegate, shall so report, and return and pay the same into the registry of this Court for distribution under further order of this Court.

11. That the Court hereby retains jurisdiction of this action for the purpose of making proper distribution of any surplus of the proceeds of sale, pursuant to the Area Director's Accounting and Report of Sale.

**IT IS SO ORDERED.**

DATED: September 22, 2009

_____
VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

Respectfully submitted,
GEORGE S. CARDONA
Acting United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division

_____
DARWIN R. THOMAS
Assistant United States Attorney
Tax Division
Attorneys for Plaintiff United States of America